IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA WEARING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:04cv1495 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

**I.    Introduction**

Plaintiff, Linda Wearing, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") which denied her application for supplemental security income ("SSI") and disability insurance benefits ("DIB") under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-403; 1381-1383(f).

**II.    Background**

**A.    Facts**

Plaintiff was born on April 30, 1959.  R. at 96.  She has a high school education and completed one year of additional training at Connelley Trade School in Pittsburgh, Pennsylvania.  R. at 32, 111.  Plaintiff has past relevant work experience as a dietary aide at a hospital.  R. at 33.

Plaintiff alleges disability as of September 20, 2001 due to lower back pain and lumbar disc disease.  R. at 105.  The record reflects that Plaintiff has not engaged in substantial gainful work activity since she alleged disability as of September 20, 2001.  R. at 17.

**B.    Procedural History**

Plaintiff filed applications for SSI and DIB on October 16 and October 25, 2001, respectively, in which she claimed total disability since September 20, 2001.  R. at 96-100;

242-43  An administrative hearing was held on December 11, 2002 before Administrative Law Judge Karen V. Johnson ("ALJ").  R. at 29.  Plaintiff was represented by counsel and testified at the hearing.  R. at 29-55.  Jay R. Arthur, an impartial vocational expert, also testified at the hearing.  R. at 16.

On January 24, 2003, the ALJ rendered a decision which was unfavorable to Plaintiff in which she found that Plaintiff retained the ability to perform a significant number of sedentary jobs which exist in the national economy (*e.g.*, surveillance system monitor, telemarketer and self service gas station booth attendant).  R. at 26.  Therefore, the ALJ concluded that Plaintiff was not "disabled" within the meaning of the Act.  R. at 26.

The ALJ's decision became the final decision of the Commissioner on July 29, 2004, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ.  R. at 4.

On October 4, 2004 Plaintiff filed her Complaint in this Court in which she seeks judicial review of the decision of the ALJ.  The parties have filed cross-motions for summary judgment.  Plaintiff contends that the ALJ failed to give proper weight to the reports authored by two examining physicians, and failed to proffer a hypothetical question to the vocational expert which accurately set forth all of her limitations.  Plaintiff's Motion and Brief in Support of her Motion for Summary Judgment at 2.  As an alternative to an award of benefits, Plaintiff requests that the case be remanded for further consideration.  *Id*. at 17.  The Commissioner contends that the decision of the ALJ should be affirmed as it is supported by substantial evidence.  The Court finds a number of discrepancies in the written decision of the ALJ which require that the case be remanded for further consideration.  Therefore, the Motion for Summary Judgment filed by Plaintiff will be granted in part and denied in part without prejudice, the Motion for Summary Judgment filed by the Commissioner will be denied without prejudice, and the case will be remanded for further consideration.

**III.     Legal Analysis**

    **A.     Standard of Review**

The Act limits judicial review of disability claims to the Commissioner's final decision. 42 U.S.C. §§ 405(g), 1383(c)(3). If the Commissioner's finding is supported by substantial evidence, it is conclusive and must be affirmed by the Court. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). It consists of more than a scintilla of evidence, but less than a preponderance. *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520 and 416.920 (1995). This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work. *See* 42 U.S.C . § 404.1520; *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 118-19 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186, F.3d 422, 428 (3d Cir. 1999)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. § 423 (d)(1) (1982). This may be done in two ways:

> (1) by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1. *See Heckler v. Campbell*, 461 U.S. 458 (1983); *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777; or,

> (2) in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of

substantial gainful work which exists in the national economy . . . ." *Campbell*, 461 U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes plaintiff from returning to his or her former job. *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777. Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Stunkard*, 842 F.2d at 59; *Kangas*, 823 F.2d at 777; *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Bailey v. Sullivan*, 885 F.2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.")

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the fifth step of the sequential evaluation process. In making this determination, the ALJ concluded that although Plaintiff's lower back pain and lumbar disc disease are severe impairments, she was not "disabled" because she could perform a significant number of sedentary jobs which exist in the national economy (*e.g.*, surveillance system monitor, telemarketer and self service gas station booth attendant). R. at 25-26.

### B. Discussion

As set forth in the Act and applicable case law, this Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3d Cir.), *cert. denied.*, 482 U.S. 905 (1987). The Court must simply review the findings and conclusions of the ALJ to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).

1.  *Whether the ALJ Failed to Give Proper Weight to the Reports of Consultative Examiners Eric Minde, M.D. and Ramalingam Ravishankar, M.D.?*

Plaintiff contends that the ALJ failed to give proper weight to the reports of Eric Minde, M.D. ("Dr. Minde") and Ramalingam Ravishankar, M.D. ("Dr. Ravishankar"). Dr. Ravishankar examined Plaintiff at the request of the Commissioner on January 25, 2002. R. at 202. Dr. Ravishankar found that Plaintiff suffered from "generalized back pain in the cervical, thoracic, and lumbar spine regions," as well as "radiating pain down to the right leg ..." R. at 204. He also found that Plaintiff "clinically has evidence of right-sided S1 radiculopathy with an absent ankle jerk on the right side with weakness of ankle flexion." R. at 204. Dr. Ravishankar opined that Plaintiff's problems were "likely due to degenerative disc disease with possible disc prolapse." R. at 204. He also opined that Plaintiff did not "appear to be at maximal medical improvement since she could have further MRI scan to evaluate her back for compression of the S1 nerve root and possible surgery if necessary." R. at 204.

Regarding Plaintiff's ability to perform work-related activities, Dr. Ravishankar opined that she could frequently lift and carry only ten (10) pounds, stand and walk only one to two (1-2) hours in an eight-hour day, could sit for only two (2) hours, and had unlimited ability to push and pull. R. at 208. He also opined that Plaintiff could only occasionally bend, kneel, stoop and crouch, could never balance or climb, and should avoid heights, moving machinery and vibration. R. at 209.

Dr. Minde examined Plaintiff at the request of her former attorney in November of 2002. R. at 219. Dr. Minde found that Plaintiff suffered from "a prominent low back derangement," and that she "has not been able to be improved with conservative treatment and there is no indication for surgical management at this point." R. at 221. He opined that "the difficulty she has now is going to continue without endpoint," and that Plaintiff "is not capable of any activities where she has to be involved with using her back." R. at 221. Additionally, Dr. Minde opined that Plaintiff "is appropriate to be considered a disabled person at this point," and that "[t]here does not appear to be any prospect for improvement in the future as she has not been able to improve with reasonable management techniques that are normally indicated for her condition." R. at 221.

As for Plaintiff's ability to perform work-related activities, Dr. Minde found that she could occasionally lift and carry ten (10) pounds, could stand, walk and sit less that two (2) hours, had limited ability to push and pull with both her upper and lower extremities, and should never climb, balance, stoop, kneel, crouch or crawl. R. at 223. Dr. Minde also found that Plaintiff was limited in reaching, handling and dexterity, and should avoid heights and moving machinery. R. at 223.

Plaintiff contends that "[t]hese opinions are perfectly consistent with one another yet the ALJ essentially gives no weight whatsoever to the opinion of the physician [who] examined [Plaintiff] at the request of her attorney [*i.e.*, Dr. Minde], and does not reconcile her decision to deny benefits with the consultative examination results that contradict her decision to deny benefits." Plaintiff's Brief at 10. The Court agrees with Plaintiff's argument. The ALJ gave very little weight to the assessment and opinion of Dr. Minde because it was "not consistent with the total evidence of record," and because Dr. Minde "apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported." R. at 23. However, as Plaintiff points out, Dr. Minde "clearly reviewed objective medical evidence, performed an extensive medical examination, and even indicated that he had distracted her at times during the examination to see if his findings were

consistent and replicable, and found that they were." Plaintiff's Brief at 12. Additionally, the work-related limitations identified by Dr. Minde were essentially the same as those identified by Dr. Ravishankar (who also examined Plaintiff). R at 208-09; 222-23. As for Dr. Ravishankar, the ALJ discussed his findings in the written decision, but never explained the weight she assigned to said findings. The only evidence contrary to the opinions of Drs. Minde and Ravishankar is a residual functional capacity ("RFC") assessment completed by a state agency adjudicator[1] which reflects that Plaintiff can occasionally lift or carry twenty (20) pounds, frequently lift or carry ten (10) pounds, can stand and/or walk for at least two (2) hours, and can sit for about six (6) hours. R. at 211.

The Court finds that the ALJ may not have given sufficient weight to the findings of Drs. Minde and Ravishankar. Their findings with respect to Plaintiff's work-related limitations are essentially consistent and seem to indicate that Plaintiff would be unable to perform even sedentary work due to her limited ability to walk, stand and sit.[2] The Court recognizes that the ALJ attempted to accommodate Plaintiff with "a sit-stand option at her discretion." R. at 22. However, Drs. Minde and Ravishankar *did not* opine that Plaintiff was able to sit for extended periods of time with a sit/stand option, despite having had an option to so opine on the forms that they completed. R. at 208, 222. The Court has found no medical or testimonial evidence that such a limitation would alleviate Plaintiff's back pain or otherwise allow her to work an eight-hour day, but the ALJ nevertheless added this limitation to the hypothetical question posed to the vocational expert. R. at 52.

---

[1] It is not clear whether the state agency adjudicator is a physician, but it is clear that said adjudicator did not actually examine Plaintiff, and based the assessment on a review of her medical records.

[2] "Sedentary work" is defined as follows:
Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
20 C.F.R. § 416.967(a).

The ALJ's written decision in this case also contains a few questionable statements and/or conclusions that the Court cannot overlook. First, the Court observes that the ALJ mischaracterized Plaintiff's subjective complaints of back pain. The ALJ observed that the medical evidence of Plaintiff's back problems (*e.g.*, an x-ray, an MRI and physical examinations) was "inconsistent for an individual who is in constant, severe, debilitating pain and discomfort, and unable to perform any substantial gainful activity 8 hours a day, 5 days a week." R. at 22. However, Plaintiff never testified that she was in constant, severe and debilitating pain. Instead, she testified at the hearing that on a "regular" day her back pain is a six (6) on a scale of one (1) to ten (10), and that on a bad day, which occurs approximately twice a week, her back pain is a ten (10) out of ten (10). R. at 44-46. Similarly, although the medical records uniformly reflect that Plaintiff complained about serious back pain, she apparently never complained to a physician that she was in *constant, severe and debilitating pain*.

The Court also finds the ALJ's assessment of Plaintiff's credibility to be suspect. The ALJ observed that Plaintiff worked at her job as a dietary aide until October of 2001, and found that this reflected that her complaints of pain were not as severe as she alleged. R. at 22. However, on Plaintiff's "work activity report" she indicated that due to her back condition she "needed and got special help from other workers," "was given special equipment or was given work that was suited to [her] condition," and "worked irregular hours or took frequent rest periods." R. at 116. Similarly, Betty Liu, M.D. ("Dr. Liu"), Plaintiff's treating physician, suggested to Plaintiff that she no longer push food carts at work due to her back pain, but Plaintiff "stated that she was afraid to do that for fear of being fired." R. at 178. Dr. Liu also suggested that Plaintiff take additional Percocet tablets for her pain, but Plaintiff "stated that the medications make her sleepy and she cannot take more during the day." R. at 178. This evidence belies an assumption that Plaintiff was able to work without difficulty until October of 2001.

The Court also notes that the ALJ mischaracterized the medication taken by Plaintiff to alleviate her back pain. The ALJ found that "[t]he claimant's medications are not

8

consistent with disabling pain," and observed that Plaintiff "indicated that she takes Tylenol #3 only once a day." R. at 22. However, Plaintiff actually testified that she took Tylenol #3 "*at least* once a day," and she testified that she took trazodone at night to help her sleep. R. at 41 (emphasis added). Additionally, the record is replete with evidence that Plaintiff regularly took Percocet tablets, a powerful prescription painkiller, to alleviate her back pain. R. at 132, 178, 183, 199.

The ALJ found Plaintiff's testimony regarding pain to be "partially credible," *i.e.*, "credible only to the extent they are supported by the objective medical reports of her treating and examining physicians and the residual functional capacity assessment" made by the ALJ. R. at 18, 22. However, the Court finds no significant inconsistencies between Plaintiff's testimony at the hearing, on the one hand, and the complaints of pain reflected in the various medical records of her treatment, on the other hand. Although credibility determinations by an ALJ need only be supported by substantial evidence on the record as a whole, *Miller v. Commissioner of Soc. Sec.*, 172 F.3d 303, 304 n.1 (3d Cir. 1999), it appears that the ALJ's credibility determination is based on rather thin evidence. The ALJ appears to have overstated Plaintiff's subjective complaints of pain, overstated the extent to which Plaintiff was able to perform her former job duties, overstated the discrepancies between Plaintiff's subjective complaints of pain and the objective medical reports of her treating and examining physicians, and understated the amount and type of medication that she used to alleviate her pain. Under these circumstances it is questionable whether the ALJ gave proper weight to the medical opinions of Drs. Minde and Ravishankar, or properly determined that Plaintiff's subjective complaints of back pain were not credible. This requires that the case be remanded to the Commissioner for reconsideration, rehearing and/or further proceedings consistent with this opinion.

    2.    *Whether the ALJ Failed to Proffer a Hypothetical Question Which Accurately Set Forth all of Plaintiff's Specific Work-Related Limitations?*

Plaintiff contends that the decision of the ALJ is not supported by substantial evidence because the hypothetical question posed to the vocational expert did not accurately portray her impairments. Plaintiff's Brief at 15. Plaintiff elaborates on her position by pointing out that "if the ALJ did not appropriately evaluate all of the evidence before her and reconcile opinions contrary to her finding that plaintiff is not disabled, her hypothetical question to the vocational expert must be considered 'inaccurate' as a matter of law." Plaintiff's Brief at 16. The hypothetical question posed by the ALJ was as follows:

> Q: If you would please assume you're dealing with an individual the same age as the claimant who has the same educational background and past work experience. Please further assume she retains a residual functional capacity for sedentary work with the following additional limitations: sit stand option and postural limits I think they've got here never as far as ladder, ropes scaffold (*sic*). Only occasional (*sic*)with regard to ramps, stairs, balancing, stooping, kneeling, crouching, crawling. And then we have some environmental limitations with regard to hazards.

R. at 52. In response to this hypothetical question, the vocational expert testified that Plaintiff could work as a surveillance system monitor, a telemarketer and a self service gas station booth attendant. R. at 53

Testimony of a vocational expert constitutes substantial evidence for purposes of judicial review where a hypothetical question considers all of a claimant's impairments which are supported by the medical record. *Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004); *Burns v. Barnhart,* 312 F.3d 113, 120 (3d Cir. 2002); *Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987). It appears to the Court that the ALJ's hypothetical question may not have accurately portrayed all of Plaintiff's limitations. As the Court has explained above, it questionable whether the ALJ gave proper weight to the medical opinions of Drs. Minde and Ravishankar. It is also questionable whether the ALJ properly determined that Plaintiff's subjective complaints of back pain were not credible. In the absence of sufficient indication that the ALJ gave proper weight to *all* the medical evidence and other evidence of record, including the medical opinions of Drs. Minde and Ravishankar, the Court cannot satisfy its

obligation to determine whether or not the Commissioner's decision is supported by substantial evidence. Therefore, the case must be remanded to the Commissioner for reconsideration, rehearing and/or further proceedings consistent with this opinion. On remand, the Commissioner shall re-evaluate the evidence, hold another hearing if necessary, and/or take any other appropriate action to determine this matter.

**IV.     Conclusion**

When reviewing a decision of the Commissioner to deny benefits, it is not this Court's function to substitute its judgment for that of the Commissioner. The Commissioner's decision in the present case may otherwise be correct and nothing in this Memorandum Opinion should be taken to suggest that the Court has presently concluded otherwise. However, for the reasons hereinabove set forth, the Court finds that this case must be remanded to the Commissioner for reconsideration, rehearing and/or further proceedings consistent with this opinion. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LINDA WEARING** | ) |
| Plaintiff, | ) |
| v. | ) 2:04cv1495 |
| **JO ANNE B. BARNHART,** **Commissioner of Social Security,** | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 30th day of March, 2006, in accordance with the foregoing Memorandum Opinion, it is ORDERED, ADJUDGED and DECREED that:

1. Defendant's Motion for Summary Judgment (*Document No. 7*) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Motion for Summary Judgment (*Document No. 9*) is **GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE**;

3. This action is **REMANDED FORTHWITH** to the Commissioner of Social Security for reconsideration, rehearing and/or further proceedings consistent with this opinion; and

4. The Clerk will docket this case closed forthwith.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:  Karl E. Osterhout, Esquire
     Email: karl@keolaw.com

     Paul Kovac, AUSA
     Email: paul.kovac@usdoj.gov